UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA NECKER,

Plaintiff,

vs.

Case No.: 05-CV-73980

HON. MARIANNE O. BATTANI
MAG. JUDGE WALLACE CAPEL, JR.

A AND N DENTAL GROUP, P.C.,,

Defendant.

_________________________/

# REPORT AND RECOMMENDATION

## I. INTRODUCTION

Plaintiff Tina Necker ("Plaintiff") brings this action against her former employer, Defendant A and N Dental ("Defendant"). Plaintiff filed a complaint with this Court on October 17, 2005, alleging that the Defendant fired her on March 3, 2005, that she was pregnant at the time of her discharge, and that her pregnancy was a significant and motivating factor in all adverse employment action taken against her.[1] The parties later stipulated (and the Court ordered) that Plaintiff would submit a First Amended Complaint pursuant to FRCP 15(c) that would comprise of a count for violation of the Michigan Elliot-Larsen Civil Rights Act and a count of violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e.[2] The Court also ordered pursuant to the parties' stipulation that Plaintiff's state law claim under Elliott-Larsen be immediately remanded to state court.[3]

---

[1] Pl.'s Compl. ¶¶ 5, 6, 10, Oct. 17, 2005.

[2] Stip. Order to Amend Compl. and Remand, May 25, 2006.

[3] Id.

Therefore, the only cause of action remaining before this Court is Count II for violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e, in Plaintiff's Amended Complaint.[4]

Defendant filed an answer to Plaintiff's complaint on November 1, 2005, and filed a motion to dismiss on November 29, 2005.[5] The Honorable Marianne O. Battani referred Defendant's Motion to Dismiss to the undersigned on February 16, 2006.[6] Both parties filed supplemental briefs in support of their respective positions,[7] and an evidentiary hearing on the Motion was held before the undersigned on April 11, 2006.[8]

## II. ANALYSIS

It is unlawful for an employer to discharge any individual because of or on the basis of such individual's sex. 42 U.S.C. 2000e-2(a)(1). For the purposes of this statute, an employer is a person engaged in an industry affecting commerce, who has fifteen or more employees on each working day in each of twenty or more calendar weeks, in the current or preceding calendar year. 42 U.S.C. § 2000e(b). Corporations and associations are also included within the statute's definition of a person. 42 U.S.C. § 2000e(a). The term "because of sex" includes within its meaning "because of or on the basis of pregnancy, childbirth, or related conditions." 42 U.S.C. § 2000e(k).

---

[4]Pl.'s Amended Compl., June 29, 2006.

[5]Def.'s Answer and Mot. Dismiss, Nov. 1, 2005; Def.'s Mot. Dismiss, Nov. 29, 2005.

[6]Order Granting Pl.'s Mot. Amend Scheduling Order and Referring Def.'s Mot. Dismiss for Evid. Hr'g, Feb. 16, 2006.

[7]Def.'s Supplemental Brief in Supp. of Mot. Dismiss, Mar. 13, 2006; Pl.'s Resp. to Def.'s Supplemental Brief in Supp. of Mot. Dismiss, Mar. 27, 2006.

[8]Evid. Hr'g Tr. 1, Apr. 11, 2006.

Defendant has asserted in both its Motion to Dismiss and in its Supplemental Brief that Plaintiff's Complaint should be dismissed for want of federal subject-matter jurisdiction.[9] Defendant argues that it does not meet the statute's definition of an employer, because Defendant did not hire fifteen or more employees for each working day in each of twenty or more calendar weeks.[10] However, even if its factual allegations are true, Defendant's argument that the Court does not have federal subject-matter jurisdiction is still incorrect. According to 28 U.S.C. §1331, this Court has the authority to hear any case that "arises under federal law." That a complaint ultimately fails to state a claim upon which relief can be granted is of no relevance to the question of subject-matter jurisdiction. Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1277 (6th Cir. 1991). Furthermore, "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (citations omitted). In this case, the Court clearly has the authority to adjudicate Plaintiff's claim for violation of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e, which is undeniably a federal statute and therefore arises under federal law.

Moreover, there is no deficiency within the four corners of Plaintiff's complaint such that dismissal pursuant to Rule 12(b)(6) would be appropriate. The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and

---

[9]Def.'s Answer and Mot. Dismiss ¶ 11; Def.'s Mot. Dismiss 1; Def.'s Supplemental Brief in Supp. of Mot. Dismiss 3.

[10]Def. Supplemental Brief in Supp. of Mot. Dismiss 2.

accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974). Dismissal pursuant to a Rule 12(b)(6) motion is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998) (citation omitted). Under the aforementioned standard of review, the Court cannot dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). If the Court accepts Plaintiff allegations as true and does not consider any matters outside her complaint, (i.e., if the Court accepts as fact that she was pregnant at the time of her discharge, that she was subjected to adverse employment action, and that her pregnancy was a significant and motivating factor in all of the adverse employment action taken against her, etc.), then Defendant's motion cannot prevail.

However, Fed. R. Civ. P. 12(b)(6) also states that, "[i]f on a motion for failure to state a claim on which relief could be granted, matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Whether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case. Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 393 (6th Cir. 1975). Where one party is likely to be surprised by the proceedings, notice is required. Id. In the present case, neither party is likely to be surprised by the conversion of this motion, because this Court has held an evidentiary hearing, and both parties submitted supplemental briefs and presented evidence to the Court for said hearing. Further, the Court invited both parties to submit additional evidence and supplemental briefs within ten days after the hearing, with an additional ten

days to file responses, but neither party chose to do so.[11] Therefore, the Court will treat Defendant's Motion to Dismiss as a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(c), and the Court will consider all matters presented to it thus far in rendering its recommendation.

Under Fed. R. Civ. P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." In essence, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The court must view the evidence in a light most favorable to the nonmovant, as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984). However, the court is not permitted to judge the evidence or make findings of fact. 60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1436 (6th Cir. 1987). The movant bears the burden of demonstrating the absence of all genuine issues of material fact. This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325. Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue. Fed. R. Civ. P. 56(e).

Defendant argues that it does not meet the definition of an employer according to the statute under which Plaintiff's claim falls (42 U.S.C. § 2000e-2(a)(1)), and that Plaintiff's claim should

---

[11] Evid. Hr'g Tr. 58:16-19.

therefore be dismissed.[12] To be within the purview of the statute, an employer must be a person [the definition of which includes corporations and associations] engaged in an industry affecting commerce, who has fifteen or more employees on each working day in each of twenty or more calendar weeks, in the current or preceding calendar year. 42 U.S.C. §§ 2000e(a), 2000e(b). Defendant claims that it has never hired fifteen or more employees on each working day in each of twenty of more calendar weeks in either 2004 or 2005[13] [which, both parties have agreed, is the appropriate time frame for this cause of action[14]].

Plaintiff's counsel conceded that, based upon the evidence that Defendant presented at the evidentiary hearing, A and N Dental did not meet the statutory requirement for fifteen or more employees for each working day of twenty weeks in either 2004 or 2005.

> THE COURT: The time sheets, Plaintiff's [sic] Exhibit No. 3, the wage detail reports, Plaintiff's [sic] Exhibit 1, and Defendant's Exhibit No. 2, the payroll journal, those documents appear to support their [Defendant's] argument that there were not 15 employees in any point in time.[15]
> MR. CORRIVEAU: As to A and N, correct.
> THE COURT: Right. You would agree with that, correct?
> MR. CORRIVEAU: Yes.[16]

However, Plaintiff's counsel contended that he had never received Defendant's 2004 time

---

[12]Def.'s Supplemental Brief in Supp. of Mot. Dismiss 1, 3.

[13]Id.

[14]Evid. Hr'g Tr. 34:1-9.

[15]Defendant's exhibits 1, 2, and 3 were initially mislabeled as Plaintiff's exhibits, which resulted in some confusion. Evid. Hr'g Tr. 18:1-6. The Court here was referring to Defendant's Exhibits 1, 2, and 3.

[16]Evid. Hr'g Tr. 45:20-46:3.

record.[17] Nevertheless, a record of the names of Defendant's employees, their hours, and their salaries for both 2004 and 2005 were present in the payroll journals submitted as Defendant's Exhibit 2. Plaintiff did not present any evidence at the hearing that contradicted Defendants' exhibits. Plaintiff's counsel also failed to present any evidence pursuant to discovery (either before or after the evidentiary hearing) that would tend to support his contention that there existed any hard copies of 2004 time records apart from the payroll journals submitted by Defendant.

This Court is not making any findings of fact with respect to the evidence submitted by Plaintiff and Defendant; rather, the undersigned notes that Plaintiff's counsel has not introduced any evidence before or after the evidentiary hearing that would raise any genuine issue of material fact. Plaintiff introduced as its only exhibit an audit report from Accident Fund Insurance Company of America, which is the workers' compensation insurance provider for both A and N Dental.[18] Plaintiff attempted to show that there was some discrepancy between Defendant's exhibits and Plaintiff's exhibit. However, when Defendant's counsel explained how all the exhibits corroborated each other, Plaintiff's counsel admitted that he had no knowledge to contradict Defendant's explanation of the documents. "MR. CORRIVEAU: I guess if that's the argument, I don't know that I'd have any response to it. That's the first I've heard of it now. I don't know that that indicates that they're other than what counsel's offered, so I'll have it just weighed by the Court and whatever it wants to give that."[19] Plaintiff's counsel has not highlighted any factual dispute to be found in the documents that Defendant produced.

---

[17]Evid. Hr'g Tr. 45:18-23.

[18]Pl.'s Exh. 1.

[19]Evid. Hr'g Tr. 27:17-22.

Further, even if Plaintiff attempts to overcome this motion for summary judgment by asserting that she needed more time for discovery, this Court notes that more than three months have elapsed since the evidentiary hearing, and Plaintiff has had ample time to submit any motions to compel discovery should there have been any difficulties. Additionally, Plaintiff will have to demonstrate that the as yet undiscovered documents would materially affect the viability of her case. See U.S. ex rel Compton v. Midwest Specialties, Inc., 142 F.3d 296, 300 n.3 (6th Cir. 1998) (citation omitted) (an order granting summary judgment will not be reversed on discovery grounds unless it plainly appears that the district court abused its discretion by denying a party the opportunity to obtain documents or other information that would materially affect the viability of that party's case).

Plaintiff raised a new argument at the evidentiary hearing that has not been raised, either expressly or by implication, in any pleadings before or after the evidentiary hearing. Defendant A and N Dental is a Michigan professional corporation, and its sole shareholder is Dr. George Najor. Dr. Najor also operates a sole proprietorship in Southfield, Michigan, and Plaintiff argued that the employees at Dr. Najor's sole proprietorship should be included when calculating the number of employees.

> THE COURT: Your argument, counsel, is that other than the financial argument that they don't have the payroll records of 2004, based upon what I'm hearing here, I have sufficient financial information to make that determination. But the question is, is whether you want to argue about both offices, the employee thing counted. Do you wish to do that?
> MR. CORRIVEAU: Yes.[20]

After some questioning by both parties of the Defendant's witness, Ms. Jeanette Herzog, the Court clearly and in no uncertain terms invited the parties to research the issues of whether case law

[20]Evid. Hr'g Tr. 57:4-10.

would permit counting the number of employees at both two entities.

> THE COURT: All right. I want both parties, then -- I'm going to give them an opportunity to research that, whether or not it should be included, both offices included for the purposes under the statute.
>
> In other words, if you have two separate entities, under this statute, whether or not, I want to see whether there's any case law that would support your argument at all, counsel, that somehow these – these employees would count if you have a – a person that has a personal corporation and a – and a, you know, a sole proprietorship, whether or not those employees should count together for the purposes of that.[21]

The Court also requested the parties to research whether the two entities combined would have the requisite number of employees to bring A and N Dental within the purview of the statute.

> THE COURT: I want the counsels then to have met and conferred and to let this Court know by the 21st [of April, 2006] whether or not there's going to be need for any additional briefing or not. If not, then I think you should just let me know because if not, then based on the information that we have here, we agree that there's not additional employees simply under the A and N by itself based upon the information that's been submitted and I can go ahead and write a report...
>
> If you – so both counsels are to meet before the 21st, go over the records together to determine whether or not combined they – they – there is over 15 employees during that 20 month period – 20 week period. If not then we're going to do from the 21st, I want you to – to let the Court know and then 10 days from the 21st, if there is going to be additional briefing, ten days from the 21st, counsel, Plaintiff's counsel is to submit his brief. And then you [Defendant's counsel] would have ten days to respond from that.[22]

Despite the Court's offer to allow Plaintiff to develop this argument and to allow Defendant to respond to it, Plaintiff never submitted an additional brief addressing the issue. More than three months later, the court considers this argument waived. Although Plaintiff's counsel raised this issue at the evidentiary hearing, he submitted no case law or facts to support his position. "Issues

---

[21]Evid. Hr'g Tr. 57:11-22.

[22]Evid. Hr'g Tr. 62:20-63:11.

adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to. . . put flesh on its bones." McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) (citation omitted). The matter is now ready for decision.

As stated above, there are no genuine issues of material fact on the record before the Court. Defendant's Exhibits 1, 2, and 3 and Plaintiff's Exhibit 1 all demonstrate that Defendant A and N Dental has never employed fifteen or more employees on each working day for twenty weeks in either 2004 or 2005. All the documents submitted to the Court corroborate each other, and there appear to be no discrepancies between the Plaintiff's exhibits and the Defendant's exhibits. The undisputed facts, as contained in the exhibits introduced at the evidentiary hearing, demonstrate that Defendant is not an employer under 42 U.S.C. § 2000e(b).

## V. CONCLUSION

For the reasons stated above, it is respectfully recommended that Defendant's Motion to Dismiss be converted to a Motion for Summary Judgment, as permitted by Fed. R. Civ. P. 12(b)(6), and that Defendant's Motion be **GRANTED**.

Pursuant to Fed. R. Civ. P 72(b) and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of the recommendation they may serve and file specific, written objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of the further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F2d 947 (6th.Cir. 1981). In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.

**s/Wallace Capel Jr.**
**WALLACE CAPEL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: August 4, 2006**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Elliott R. Perlman, Eric Stempien,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Joseph P. Corriveau, 324 E. Main Street, Suite 200, Northville, MI 48167.

s/James P. Peltier
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov