**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TINA NECKER,

        Plaintiff,           CASE NO. 05-73980

v.                                HON. MARIANNE O. BATTANI

A & N DENTAL GROUP, P.C., a Michigan corporation,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT**

Before the Court is Defendant A & N Dental Group, P.C.'s Motion to Dismiss (Doc. No. 4), which the Court referred to Magistrate Judge Wallace Capel, Jr., for an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B); The Court has reviewed the August 4, 2006, Report and Recommendation *de novo*, and for the reasons that follow, Defendant's motion is **GRANTED** and Plaintiff's First Amended Complaint is **DISMISSED** in its entirety.

Plaintiff, Tina Necker, filed this action on October 17, 2005, alleging Defendant discriminated against her due to her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). Defendant filed its Motion to Dismiss, alleging the Court lacked subject matter jurisdiction because Defendant employed less that the requisite number of employees. See 42 U.S.C. § 2000e(b). After Defendant filed its motion, the Supreme Court held that courts should refrain from constricting § 1331 or Title VII's jurisdictional provision, 42 U.S.C. § 2000e-5(f)(3). Arbaugh v. Y&H Corp., 126 S.Ct. 1235, 1245 (2006).

Consequently, the Magistrate Judge first considered the First Amended Complaint under the standards set forth in FED.R.CIV.P. 12(b)(6), which governs dismissal for failure to state a claim. Because he reviewed matters outside the pleadings, he treated the motion as

one for summary judgment.  Neither party has objected to the Report and Recommendation.  The Court observes that the Report and Recommendation correctly articulates the governing law and applies it to the facts of the case.

The Act specifically defines an employer as an entity that "engages in an industry affecting commerce [and has] fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ."  42 U.S.C. § 2000e(b).  In reviewing the evidence and arguments advanced by the parties as to whether Defendant met the statutory definition of an employer, the Magistrate Judge noted that Plaintiff's counsel conceded, that based upon the evidence that Defendant presented at the evidentiary hearing, A & D Dental did not meet the statutory requirement for fifteen or more employees for each working day of twenty weeks in either 2004 or 2005.  Accordingly there was no genuine issue of material fact--Defendant is not an employer for purposes of Plaintiff's Title VII claim.

Therefore, Defendant's motion is **GRANTED**; Plaintiff's First Amended Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED**.

                                        s/Marianne O. Battani
                                         MARIANNE O. BATTANI
                                         UNITED STATES DISTRICT JUDGE
Dated: August 23, 2006

### CERTIFICATE OF SERVICE

A copy of this Order was e-filed and/or mailed  to Joseph P. Corriveau, Elliot Perlman, and Eric Stempien on this date.

                                         s/Bernadette M. Thebolt
                                          Deputy Clerk